IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTINE ASING, | ) | CIV. NO. 23-00335 HG-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAII GOVERNMENT EMPLOYEES | ) | |
| ASSOCIATION, LOCAL 152, | ) | |
| AMERICAN FEDERATION OF STATE, | ) | |
| COUNTY AND MUNICIPAL EMPLOYEES, | ) | |
| AFL-CIO (HGEA/AFSCME LOCAL | ) | |
| 152), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING DEFENDANT HAWAII GOVERNMENT EMPLOYEES ASSOCIATION, LOCAL 152, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO (HGEA/AFSCME LOCAL 152)'S MOTION TO DISMISS (ECF NO. 8) WITH LEAVE TO AMEND**

The Complaint asserts that from January 2019 through November 2021, Plaintiff Christine Asing was employed by the State of Hawaii Department of Agriculture.  Plaintiff states that during her employment with the State of Hawaii, she was a dues paying member of the Defendant Hawaii Government Employees Association, Local 152, American Federation of State, County and Municipal Employees, AFL-CIO ("Defendant HGEA Union Local 152").

The Complaint alleges that on August 16, 2021, the State of Hawaii Department of Agriculture implemented a policy requiring its employees to comply with either mandatory vaccination for COVID-19 or weekly testing related to the COVID-19 global pandemic.

1

Plaintiff claims that she submitted a request to the State of Hawaii Department of Agriculture to be exempted from the policy requiring either mandatory vaccination or regular testing based on her religious beliefs.  According to the Complaint, the State of Hawaii Department of Agriculture denied her request to be exempted from its mandatory vaccination or testing requirement.

Plaintiff states that the State of Hawaii Department of Agriculture placed her on leave without pay status in October 2021.  Plaintiff alleges that following being placed on leave without pay status, she requested that the Defendant HGEA Union Local 152 file a grievance against the State of Hawaii Department of Agriculture on her behalf.

The Complaint asserts that the Defendant HGEA Union Local 152 refused to file a grievance on Plaintiff's behalf because there was evidence from the employer that Plaintiff had previously voluntarily submitted to COVID-19 testing in order to travel.

Plaintiff asserts that in November 2021 she was terminated from her employment with the State of Hawaii Department of Agriculture.

Plaintiff filed the Complaint in this Court claiming that the Defendant HGEA Union Local 152 discriminated against her based on her religious beliefs in violation of Title VII of the Civil Rights Act of 1964.

Defendant HGEA Union Local 152 filed a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Defendant HGEA Union Local 152's Motion to Dismiss (ECF No. 8) is **GRANTED WITH LEAVE TO AMEND.**

## PROCEDURAL HISTORY

On August 9, 2023, Plaintiff filed a Complaint.  (ECF No. 1).

On October 3, 2023, Defendant Hawaii Government Employees Association, Local 152, American Federation of State, County and Municipal Employees, AFL-CIO filed a Motion to Dismiss.  (ECF No. 8).

On October 6, 2023, the Court issued a briefing schedule. (ECF No. 9).

On October 25, 2023, Plaintiff filed an Opposition.  (ECF No. 12).

On November 9, 2023, Defendant filed a Reply.  (ECF No. 14).

On January 5, 2024, the Court issued a Minute Order stating that it elected to decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c).  (ECF No. 17).

## BACKGROUND

The Complaint alleges that Plaintiff was employed with the State of Hawaii Department of Agriculture from January 2019 to

November 2021.   (Complaint at ¶¶ 4, 22-23, ECF No. 1).   Plaintiff

asserts she was also a dues paying member of the Defendant Hawaii

Government Employees Association, Local 152, American Federation

of State, County and Municipal Employees, AFL-CIO (HGEA/AFSCME

Local 152) ("Defendant HGEA Union Local 152").   (Id. at ¶ 24).

Plaintiff asserts that in August 2021, her employer

implemented a policy requiring mandatory vaccination or testing

in response to the COVID-19 global pandemic.   (Id. at ¶¶ 27-28).

Plaintiff claims that she requested an exemption from the policy

based on her religious beliefs.   (Id. at ¶ 33, 47).

Plaintiff claims that in October 2021 she was placed on

leave without pay status based on her failure to comply with her

employer's policy.   The Complaint alleges that Plaintiff was

later terminated for failing to comply with the employer's COVID-

19 policy. (Id. at ¶¶ 43, 48-51, 109).

The Complaint asserts that the Defendant HGEA Union Local

152 declined to pursue a grievance against the employer on

Plaintiff's behalf because Plaintiff had previously voluntarily

submitted to COVID testing in order to travel.   (Id. at ¶¶ 124,

128-31, 172).

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law

pursuant to Federal Rule of Civil Procedure 12(b)(6) where it

fails "to state a claim upon which relief can be granted."   When

considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (citation and internal quotation marks omitted).

## ANALYSIS

Plaintiff has filed suit against her union, Defendant Hawaii Government Employees Association, Local 152, American Federation

of State, County and Municipal Employees, AFL-CIO (HGEA/AFSCME Local 152) ("Defendant HGEA Union Local 152"), pursuant to Title VII of the Civil Rights Act of 1964.

Plaintiff claims that Defendant HGEA Union Local 152 discriminated against her based on her religion.  Plaintiff argues that she was discriminated against because Defendant HGEA Union Local 152 did not file a grievance against her employer on her behalf when she was subject to adverse actions for failing to comply with her employer's policy requiring COVID-19 vaccination or testing.

## I.    Plaintiff Was Not Employed By Defendant HGEA Union Local 152

 As an initial matter, Plaintiff's reliance in her Opposition on caselaw regarding a failure-to-accommodate theory of religious discrimination pursuant to Title VII of the Civil Rights Act of 1964 is misplaced.

Plaintiff cannot assert a failure-to-accommodate claim against Defendant HGEA Union Local 152 because it was not her employer.  Eisenberg v. Permanente Med. Group, 855 F.Supp.2d 1002, 1016 (N.D. Cal. 2012); see EEOC v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768, 772 (2015).

## II.   Title VII Discrimination Claims Against A Union Pursuant To 42 U.S.C. § 2000e-2(c)

Title VII of the Civil Rights Act of 1964 prohibits labor organizations from:

6

> (1) excluding or expelling an individual from its membership because of her religion;
>
> (2) limiting or depriving an individual of employment opportunities because of her religion; or
>
> (3) causing or attempting to cause an employer to discriminate against an individual based on her religion.

42 U.S.C. § 2000e-2(c); see Beck v. United Food and Com. Workers Union, Local 99, 506 F.3d 874, 882 (9th Cir. 2007).

Pursuant to 42 U.S.C. § 2000e-2(c), a labor organization or union violates Title VII of the Civil Rights Act of 1964 if it deliberately declines to pursue a member's grievance claim because of the member's religion.  Beck, 506 F.3d at 882; see Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 671-74 (9th Cir. 1988).  In order to prevail on such a claim, Plaintiff must demonstrate that the union would have pursued a grievance on her behalf "but for" Plaintiff's religious beliefs.  See Bostock v. Clayton Cnty., Ga., 140 S.Ct. 1731, 1739 (2020).

To establish a claim for religious discrimination pursuant to Title VII of the Civil Rights Act of 1964, a plaintiff may offer direct evidence of discrimination or may prove her case through circumstantial evidence following the burden-shifting framework established by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Garity v. APWU Nat'l Lab. Org., 828 F.3d 848, 859-60 (9th Cir. 2016); see Hittle v. City of Stockton, Cal., 76 F.4th 877, 888 (9th Cir. 2023).

7

A.      **Plaintiff's Complaint Does Not Contain Allegations Of Direct Evidence Of Religious Discrimination**

To state a religious discrimination claim based on direct evidence, a plaintiff must identify discriminatory remarks made by a decisionmaker that are clearly discriminatory and demonstrate hostility to the plaintiff's religion in order to create an inference of discriminatory motive.  Hittle, 76 F.4th at 891.

Plaintiff's Complaint does not provide allegations to support a Title VII religious discrimination claim based on direct evidence.  There are no allegations of derogatory comments made by Defendant HGEA Union Local 152 decisionmakers about Plaintiff's religious beliefs.  Hittle, 76 F.4th at 888.

B.      **Religious Discrimination Pursuant To The McDonnell-Douglas Test**

The Court next turns to whether Plaintiff has stated a Title VII religious discrimination claim pursuant to the McDonnell Douglas Corp. framework.

First, in order to state a prima facie Title VII religious discrimination case against a union under the burden-shifting framework, the union member must establish that she was singled out and treated less favorably by the union than other similarly situated union members on account of her religion.  Garity, 828 F.3d at 859 (citing Beck, 506 F.3d at 882); Pejic, 840 F.2d at 671-74.

Second, if the plaintiff demonstrates a prima facie case of discrimination by the union, the burden shifts to the union to articulate a legitimate, non-discriminatory reason for the less favorable treatment. Beck, 506 F.3d at 883.

Third, if the union can articulate such a reason, the plaintiff then has the opportunity to show that the stated reason is pretextual. See Guidry v. Marine Engineers' Beneficial Ass'n, 2013 WL 893399, *4 (N.D. Cal. Mar. 8, 2013).

## III. Defendant's Reliance On The Standard Set Forth In Bugg v. Int'l Union of Allied Indus. Workers of Am., 674 F.2d 595 (7th Cir. 1982) Is Misplaced

In Defendant's Motion to Dismiss, Defendant argues for a standard set forth in Bugg v. Int'l Union of Allied Indus. Workers of Am., 674 F.2d 595 (7th Cir. 1982), which requires examination of whether the defendant union violated the collective bargaining agreement to which the plaintiff was subject.

The Bugg test was cited by the Ninth Circuit Court of Appeals in Beck, 506 F.3d at 884, however, the Ninth Circuit Court of Appeals clarified the holding in Beck in Garity v. APWU Nat'l Lab. Org., 828 F.3d 848, 859-60 (9th Cir. 2016). In Garity, the Ninth Circuit Court of Appeals ruled that a breach of the collective bargaining agreement is not an element of a Title VII discrimination claim against a union. Id. The Seventh Circuit Court of Appeals itself vacated the test set forth in

9

Bugg in Green v. Am. Fed'n of Teachers, 740 F.3d 1104, 1106 (7th Cir. 2014).

In Garity, the Ninth Circuit Court of Appeals clarified the appropriate standard for bringing a Title VII claim against a labor organization.  828 F.3d at 858-60.  The Appellate Court explained that neither a breach of the duty of fair representation nor a breach of the collective bargaining agreement are elements of a Title VII discrimination claim against a labor organization, but rather the traditional test set forth in McDonnell-Douglas applies.  Id.

## IV.  Plaintiff Has Failed To Plausibly Allege A Title VII Discrimination Claim Against Defendant HGEA Union Local 152

Plaintiff's Complaint does not contain sufficient allegations to plausibly state a prima facie Title VII religious discrimination claim against Defendant HGEA Union Local 152 based on the McDonnell-Douglas test.

There are no allegations as to how Defendant HGEA Union Local 152 handled grievances of similarly situated employees that would establish a prima facie case of religious discrimination. Guidry, 2013 WL 893399, at *6; Crawford v. United Food and Com. Workers Union Loc. 711, 2012 WL 3624816, *2 (D. Nev. Aug. 21, 2012).  There are no allegations that Defendant HGEA Union Local 152 elected to pursue grievances for union members that were similarly situated to Plaintiff but were not of her religious beliefs.  See Beck, 506 F.3d at 885.

10

In order to state a claim, Plaintiff must provide sufficient allegations to plausibly allege that Defendant HGEA Union Local 152 would have assisted Plaintiff in filing a grievance against her employer "but-for" her religious practice. Bostock, 140 S.Ct. at 1739.

To the contrary, the allegations in the Complaint assert that Defendant HGEA Union Local 152 declined to pursue a grievance on Plaintiff's behalf because she failed to comply with her employer's policy requiring testing or vaccination for COVID-19, despite evidence that she had voluntarily agreed to test for COVID-19 in order to travel. (Complaint at ¶¶ 124, 128-31, 172, ECF No. 1).

Plaintiff has not provided factual allegations to support her theory that the Defendant HGEA Union Local 152's proffered reason to decline to pursue Plaintiff's grievance was a pretext for religious discrimination. See Chuang v. Univ. of Cal. Davis, Bd. of Trustees, 225 F.3d 1115, 1127 (9th Cir. 2000); Stucky v. Hawaii, Civ. No. 06-00594 JMS-KSC, 2008 WL 214944, *13 (D. Haw. Jan. 25, 2008).

## CONCLUSION

Defendant Hawaii Government Employees Association, Local 152, American Federation of State, County and Municipal Employees, AFL-CIO (HGEA/AFSCME Local 152)'s Motion to Dismiss (ECF No. 8) is **GRANTED.**

The Court elects to allow Plaintiff an opportunity to amend

her Complaint and file a First Amended Complaint because it is not absolutely clear at this stage of the proceedings that amendment would be futile.  Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Plaintiff is given **LEAVE TO AMEND** and may file a First Amended Complaint on or before Monday, January 29, 2024.  The First Amended Complaint must conform to the rulings contained in this Order.

Plaintiff may not allege any new causes of action or add any additional defendants in the First Amended Complaint.

Failure to file a First Amended Complaint on or before Monday, January 29, 2024, will result in automatic dismissal with prejudice of the Complaint.

IT IS SO ORDERED.

DATED: January 12, 2024, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Christine Asing v. Hawaii Government Employees Association, Local 152, American Federation of State, County and Municipal Employees, AFL-CIO (HGEA/AFSCME Local 152); Civil No. 23-00335 HG-KJM; **ORDER GRANTING DEFENDANT HAWAII GOVERNMENT EMPLOYEES ASSOCIATION, LOCAL 152, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO (HGEA/AFSCME LOCAL 152)'S MOTION TO DISMISS (ECF NO. 8) WITH LEAVE TO AMEND**