IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTINE ASING, | ) | CIV. NO. 23-00335 HG-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAII GOVERNMENT EMPLOYEES ASSOCIATION, LOCAL 152, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO (HGEA/AFSCME LOCAL 152), | ) ) ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANT HAWAII GOVERNMENT EMPLOYEES ASSOCIATION, LOCAL 152, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO (HGEA/AFSCME LOCAL 152)'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF NO. 21)**

This is the second Motion to Dismiss filed in this case. The Court previously granted the Defendant's Motion to Dismiss the Complaint for failure to state a claim and granted Plaintiff leave to amend.

Plaintiff Christine Asing filed the First Amended Complaint against Defendant Hawaii Government Employees Association, Local 152, American Federation of State, County and Municipal Employees, AFL-CIO ("Defendant HGEA Union Local 152").

Plaintiff claims that the Defendant HGEA Union Local 152 discriminated against her when it did not file a grievance on her behalf when she was terminated from her employment. Plaintiff alleges she was a State of Hawaii Department of Agriculture

1

employee and she was terminated for failing to comply with its COVID-19 testing or vaccination policy.

The First Amended Complaint seeks to sue the Defendant HGEA Union Local 152 for discriminating against Plaintiff, claiming a violation of Title VII of the Civil Rights Act of 1964 based on her religion.  The First Amended Complaint, however, fails to state a claim.  There are no allegations of direct discrimination.  Plaintiff has not otherwise pled a prima facie case of religious discrimination.

Plaintiff's own First Amended Complaint acknowledges that the Defendant HGEA Union Local 152 declined to file grievances on behalf of anyone who did not comply with the State of Hawaii's COVID-19 testing or vaccination policy.

The First Amended Complaint acknowledges that Defendant HGEA Union Local 152 explained to Plaintiff that her employer's COVID-19 testing policy did not violate the Collective Bargaining Agreement.  Plaintiff also acknowledges that Defendant declined to pursue a grievance on her behalf because even though she had voluntarily submitted to COVID-19 testing in order to travel, she refused to test for work due to her religious beliefs.

Defendant HGEA Union Local 152's Motion to Dismiss the First Amended Complaint (ECF No. 21) is **GRANTED.**

The Court has already provided Plaintiff with an opportunity for leave to amend and she has failed to cure the deficiencies. Further leave to amend is denied because it would be futile.

Plaintiff's First Amended Complaint (ECF No. 19) is **DISMISSED WITH PREJUDICE**.

## **PROCEDURAL HISTORY**

On August 9, 2023, Plaintiff filed a Complaint.  (ECF No. 1).

On October 3, 2023, Defendant Hawaii Government Employees Association, Local 152, American Federation of State, County and Municipal Employees, AFL-CIO filed a Motion to Dismiss.  (ECF No. 8).

On January 12, 2024, the Court issued an ORDER GRANTING DEFENDANT HAWAII GOVERNMENT EMPLOYEES ASSOCIATION, LOCAL 152, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO (HGEA/AFSCME LOCAL 152)'S MOTION TO DISMISS WITH LEAVE TO AMEND.  (ECF No. 18).

On January 29, 2024, Plaintiff filed the FIRST AMENDED COMPLAINT.  (ECF No. 19).

On February 12, 2024, Defendant filed a Motion to Dismiss the First Amended Complaint.  (ECF No. 21).

On March 6, 2024, Plaintiff filed her Opposition.  (ECF No. 24).

On March 21, 2024, Defendant filed its Reply.  (ECF No. 25).

On March 22, 2024, the Court issued a Minute Order, stating that it elects to decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c).  (ECF No. 26).

**BACKGROUND**

The First Amended Complaint alleges that Plaintiff was employed with the State of Hawaii Department of Agriculture from January 2019 to November 2021. (First Amended Complaint ("FAC") at ¶¶ 4, 22-23, ECF No. 19). Plaintiff asserts she was also a dues paying member of the Defendant Hawaii Government Employees Association, Local 152, American Federation of State, County and Municipal Employees, AFL-CIO (HGEA/AFSCME Local 152) ("Defendant HGEA Union Local 152"). (Id. at ¶ 24).

Plaintiff asserts that on August 5, 2021, her employer implemented a policy requiring mandatory vaccination or testing in response to the COVID-19 global pandemic. (Id. at ¶¶ 27-29). Plaintiff claims that she requested an exemption from the policy based on her religious beliefs. (Id. at ¶ 33).

According to the First Amended Complaint, on September 10, 2021, Plaintiff's requested exemption was denied by her employer. (Id. at ¶ 43).

Plaintiff states that on October 20, 2021, her employer placed her on leave without pay status for failing to comply with her employer's COVID-19 policy. (Id. at ¶ 109).

The First Amended Complaint alleges that Plaintiff contacted a representative from Defendant HGEA Union Local 152 and asked Defendant to file a grievance on her behalf. (Id.) Plaintiff states that the Defendant's representative informed her that her employer's COVID-19 testing policy did not violate the Collective

Bargaining Agreement.  (Id. at ¶ 110).

The First Amended Complaint alleges that Plaintiff was terminated on November 10, 2021, for failing to comply with the employer's COVID-19 testing or vaccination policy. (Id. at ¶¶ 4, 51, 109).

According to the First Amended Complaint, the Defendant HGEA Union Local 152 declined to pursue a grievance against Plaintiff's employer on Plaintiff's behalf because Plaintiff had previously voluntarily submitted to COVID-19 testing in order to travel, despite her claim that she could not test for COVID-19 because of her religious beliefs.  (Id. at ¶¶ 124, 166-172).

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (citation and internal quotation marks omitted).

## ANALYSIS

Plaintiff has filed suit against her former union, Defendant Hawaii Government Employees Association, Local 152, American Federation of State, County and Municipal Employees, AFL-CIO (HGEA/AFSCME Local 152) ("Defendant HGEA Union Local 152"), pursuant to Title VII of the Civil Rights Act of 1964.

Plaintiff's former employer, State of Hawaii Department of Agriculture, is not a defendant in this case.  The First Amended Complaint repeatedly argues that her employer discriminated against her for terminating her based on her religious beliefs.

Plaintiff cannot assert a failure-to-accommodate claim against Defendant HGEA Union Local 152 because it was not her

6

employer.  Eisenberg v. Permanente Med. Group, 855 F.Supp.2d 1002, 1016 (N.D. Cal. 2012); see EEOC v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768, 772 (2015).

The only allegations regarding Defendant HGEA Union Local 152 concern whether it should have filed a grievance on Plaintiff's behalf when she was terminated for failing to comply with her employer's COVID-19 policy.

In the Court's previous Order on the Defendant's Motion to Dismiss the Complaint, the Court outlined the deficiencies in Plaintiff's Title VII discrimination claim against Defendant HGEA Union Local 152.  Plaintiff was given leave to amend the Complaint.

Plaintiff's First Amended Complaint did not cure the deficiencies outlined by the Court in its prior Order.

**I.   Title VII Discrimination Claims Against A Union Pursuant To 42 U.S.C. § 2000e-2(c)**

Title VII of the Civil Rights Act of 1964 prohibits labor organizations from:

(1)   excluding or expelling an individual from its membership because of her religion;

(2)   limiting or depriving an individual of employment opportunities because of her religion; or

(3)   causing or attempting to cause an employer to discriminate against an individual based on her religion.

42 U.S.C. § 2000e-2(c); see Beck v. United Food and Com. Workers Union, Local 99, 506 F.3d 874, 882 (9th Cir. 2007).

7

Pursuant to 42 U.S.C. § 2000e-2(c), a labor organization or union violates Title VII of the Civil Rights Act of 1964 if it deliberately declines to pursue a member's grievance claim because of the member's religion.  Beck, 506 F.3d at 882; see Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 671-74 (9th Cir. 1988).  In order to prevail on such a claim, Plaintiff must demonstrate that the union would have pursued a grievance on her behalf "but for" Plaintiff's religious beliefs.  See Bostock v. Clayton Cnty., Ga., 590 U.S. 644, 656 (2020).

To establish a claim for religious discrimination pursuant to Title VII of the Civil Rights Act of 1964, a plaintiff may offer direct evidence of discrimination or may prove her case through circumstantial evidence following the burden-shifting framework established by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Garity v. APWU Nat'l Lab. Org., 828 F.3d 848, 859-60 (9th Cir. 2016); see Hittle v. City of Stockton, Cal., 76 F.4th 877, 888 (9th Cir. 2023).

## II. Plaintiff's First Amended Complaint Does Not Contain Allegations Of Direct Evidence Of Religious Discrimination

To state a religious discrimination claim based on direct evidence, a plaintiff must identify discriminatory records or acts made by a decisionmaker that are clearly discriminatory and demonstrate hostility to the plaintiff's religion in order to create an inference of discriminatory motive.  Hittle, 76 F.4th

8

at 891.

Plaintiff's First Amended Complaint does not provide allegations to support a Title VII religious discrimination claim against Defendant HGEA Union Local 152 based on direct evidence. While there are allegations of statements made by co-workers at the State of Hawaii Department of Agriculture, there are no allegations of derogatory acts or comments made by Defendant HGEA Union Local 152 decisionmakers about Plaintiff's religious beliefs that could be seen as stating a Title VII religious discrimination claim.  Id. at 888.

### III. Plaintiff's First Amended Complaint Does Not Contain Sufficient Allegations Of Religious Discrimination To State A Claim Pursuant To The McDonnell Douglas Test

The Court next turns to whether Plaintiff has stated a Title VII religious discrimination claim pursuant to the McDonnell Douglas Corp. framework.

First, in order to state a prima facie Title VII religious discrimination case against a union under the burden-shifting framework, the union member must establish that the union singled her out and treated her less favorably than other similarly situated union members on account of her religion.  Garity, 828 F.3d at 859 (citing Beck, 506 F.3d at 882); Pejic, 840 F.2d at 671-74.

Second, if the plaintiff demonstrates a prima facie case of discrimination by the union, the burden shifts to the union to

articulate a legitimate, non-discriminatory reason for the less favorable treatment.  Beck, 506 F.3d at 883.

Third, if the union can articulate such a reason, the plaintiff then has the opportunity to show that the stated reason is pretextual.  See Guidry v. Marine Engineers' Beneficial Ass'n, 2013 WL 893399, *4 (N.D. Cal. Mar. 8, 2013).

### A. The First Amended Complaint Lacks Sufficient Allegations That Plaintiff Was Singled Out By Her Union Due To Her Religious Beliefs

The First Amended Complaint asserts that the Defendant HGEA Union Local 152 did not pursue a grievance against the employer on Plaintiff's behalf because it declined to file grievances on behalf of anyone who did not comply with the State of Hawaii's COVID-19 testing or vaccination policy.  The First Amended Complaint also asserts that the Defendant declined to file a grievance on Plaintiff's behalf because Plaintiff had previously voluntarily submitted to COVID-19 testing in order to travel.

The First Amended Complaint does not contain sufficient allegations to plausibly state a prima facie Title VII religious discrimination claim against Defendant HGEA Union Local 152 based on the McDonnell Douglas test.

#### 1. Plaintiff Has Not Alleged That She Was Singled Out And Treated Less Favorably By The Union Due To Her Religion

In order to state a claim, Plaintiff must provide sufficient

10

allegations to establish that the Defendant Union singled her out and treated her less favorably on account of her religion. Garity, 828 F.3d at 859; see Bostock, 590 U.S. at 656 .

The First Amended Complaint merely makes conclusory allegations that Plaintiff was discriminated against by the Defendant HGEA Union Local 152 on account of her religion. Conclusory allegations are insufficient to state a claim pursuant to Iqbal and Twombly.  Allegations in a complaint may not simply recite the elements of a cause of action.  The complaint must contain sufficient allegations of underlying facts to give fair notice to enable the opposing party to defend itself effectively. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

There are no allegations to establish that the Defendant HGEA Union Local 152 declined to pursue a grievance on Plaintiff's behalf due her religious beliefs.  There are no allegations to demonstrate that the Defendant Union would have pursued a grievance for Plaintiff if she had a different religion.  To the contrary, the First Amended Complaint states that the Defendant HGEA Union Local 152 declined to pursue grievances for **any** member who did not comply with the State employer's COVID-19 policy, regardless of their religious beliefs.  (First Amended Complaint at ¶¶ 95, 170, 172, ECF No. 19).

Plaintiff alleges that Defendant HGEA Union Local 152 pursued CBA violation grievances regarding different, unrelated

11

State of Hawaii COVID-19 policies.  (First Amended Complaint at ¶¶ 247-261, ECF No. 19).  These allegations do not establish that Plaintiff was singled out or treated less favorably due to her religion.  Rather, the allegations establish that the Defendant HGEA Union Local 152 treated its members the same regardless of their religion.

### 2. Plaintiff Has Not Alleged That Similarly Situated Union Members Of A Different Protected Class Were Treated More Favorably

Plaintiff has not plausibly alleged that similarly situated union members of different religions were treated more favorably than Plaintiff.  Aragon v. Rep. Silver State Disposal Inc., 292 F.3d 654, 660 (9th Cir. 2002); Guidry, 2013 WL 893399, at *6; Crawford v. United Food and Com. Workers Union Loc. 711, 2012 WL 3624816, *2 (D. Nev. Aug. 21, 2012).

In order for the union members to be similarly situated to Plaintiff, Plaintiff must provide allegations to establish that the union members were similar in all material respects based on the context of the case.  Weil v. Citizens Telecom Srvs. Co., 922 F.3d 993, 1004 (9th Cir. 2019); Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1157 (9th Cir. 2010).

Plaintiff has not established this first prong of the McDonnell Douglas test.  The First Amended Complaint does not name any other union members who were similarly situated to Plaintiff, much less identify other union members of religious

backgrounds different than Plaintiff who were treated more favorably.

The First Amended Complaint does not provide the names of any other union members, does not specify the other members' roles, and does not provide any allegations to establish that these members are similar to Plaintiff in all material respects.

Plaintiff states in the First Amended Complaint that she "knows of two other similarly situated Bible-believing Christians who the HGEA also refused to file grievances for." (First Amended Complaint at ¶ 262, ECF No. 19). Plaintiff's allegation, again, does not understand the test under McDonnell Douglas. Plaintiff must provide allegations to establish that other union members, of **a different religion than Plaintiff**, were similarly situated to Plaintiff, and that they were treated more favorably by the Defendant Union than Plaintiff. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (explaining that to establish a prima facie case of discrimination, the plaintiff must allege that a similarly situated individual "who does not belong to the same protected class as plaintiff" was treated more favorably than plaintiff).

The First Amended Complaint does not provide allegations that similarly situated union members outside of Plaintiff's religion were treated more favorably than Plaintiff for engaging in similar conduct. There are no allegations to establish that the Defendant HGEA Union Local 152 filed grievances for union

13

members outside of Plaintiff's religion who were also terminated for failing to comply with the COVID-19 vaccination or testing requirement for State employees.

### 3. Plaintiff's First Amended Complaint Focuses On Actions By Her Employer Who Is Not A Defendant In This Case

As the Court explained in its January 12, 2024 Order Granting Defendant's first Motion to Dismiss, Plaintiff's allegations are not focused on the actions of Defendant HGEA Local Union 152, but rather the actions of her former employer who is not a defendant in this case.

Just as in the prior Complaint, the First Amended Complaint focuses on actions by Plaintiff's former employer, the State of Hawaii Department of Agriculture, in implementing its COVID-19 testing policy. The First Amended Complaint confuses claims against her employer with claims against the union. Plaintiff needs to establish a prima facie case against the Defendant HGEA Union Local 152, not against the State of Hawaii.

There are insufficient allegations to state a prima facie case that the Defendant HGEA Union Local 152 discriminated against Plaintiff as a union member on account of her religious beliefs. There are insufficient allegations to state a claim against Defendant HGEA Union Local 152 despite the lengthy 65-page First Amended Complaint.

### B. Defendant Also Provided A Legitimate, Non-Discriminatory Reason For Declining To Pursue A Grievance On Plaintiff's Behalf

Even if Plaintiff did plead a prima facie case for religious discrimination, Plaintiff's own pleading provides the non-discriminatory reasons that Defendant HGEA Union Local 152 told Plaintiff as to why it declined to pursue a grievance on her behalf. The allegations in the First Amended Complaint assert that Defendant HGEA Union Local 152 declined to pursue a grievance on Plaintiff's behalf because it did not file grievances for anyone who failed to comply with her employer's policy requiring testing or vaccination for COVID-19. (First Amended Complaint at ¶¶ 170, 172, ECF No. 19).

In addition, the First Amended Complaint states that Defendant declined to pursue a grievance for Plaintiff because she had previously, voluntarily agreed to test for COVID-19 in order to travel, despite her claim that she could not test for religious reasons. (Id. at ¶¶ 124-25, 128, 172).

According to the First Amended Complaint, the Defendant HGEA Union Local 152 representative repeatedly explained to Plaintiff that the employer's testing policy did not violate the Collective Bargaining Agreement and did not provide a basis to file a grievance. According to Plaintiff's own pleading, the Defendant's representative explained to her that the Defendant would not file a grievance for anyone who failed to comply with the State's COVID-19 policy and that the proper avenue to pursue

15

an employment discrimination claim against her employer would be through the Equal Employment Opportunity Commission, not by filing a grievance through the union.  (Id. at ¶¶ 152-59, 170, 172).

The First Amended Complaint acknowledges that Defendant provided Plaintiff with a non-discriminatory reason for declining to pursue a grievance on her behalf.  The First Amended Complaint does not plausibly allege that Defendant HGEA Union Local 152 would have assisted Plaintiff in filing a grievance against her employer "but-for" her religious practice.  Bostock, 590 U.S. at 656.

Plaintiff has not provided factual allegations to support her theory that the Defendant HGEA Union Local 152's proffered reason to decline to pursue Plaintiff's grievance was a pretext for religious discrimination.  See Chuang v. Univ. of Cal. Davis, Bd. of Trustees, 225 F.3d 1115, 1127 (9th Cir. 2000); Stucky v. Hawaii, Civ. No. 06-00594 JMS-KSC, 2008 WL 214944, *13 (D. Haw. Jan. 25, 2008).

**IV.  Further Amendment Would Be Futile**

Plaintiff has already been given leave to amend and has failed to address the deficiencies in her complaint previously identified by the Court.

Plaintiff has twice failed to plausibly assert a prima facie case for religious discrimination against Defendant HGEA Union

Local 152 pursuant to Title VII of the Civil Rights Act of 1964. Further amendment would be futile. <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 656 F.3d 1034, 1041 (9th Cir. 2011); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## CONCLUSION

Defendant Hawaii Government Employees Association, Local 152, American Federation of State, County and Municipal Employees, AFL-CIO (HGEA/AFSCME Local 152)'s Motion to Dismiss (ECF No. 21) is **GRANTED**.

The First Amended Complaint (ECF No. 19) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **ORDERED** to issue Judgment in favor of Defendant and to **CLOSE THE CASE**.

IT IS SO ORDERED.

DATED: April 15, 2024, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

<u>Christine Asing v. Hawaii Government Employees Association, Local 152, American Federation of State, County and Municipal Employees, AFL-CIO (HGEA/AFSCME Local 152)</u>; Civil No. 23-00335 HG-KJM; **ORDER GRANTING DEFENDANT HAWAII GOVERNMENT EMPLOYEES ASSOCIATION, LOCAL 152, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO (HGEA/AFSCME LOCAL 152)'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF NO. 21)**